IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

RAYMOND FRANCIS DERONDE,

       Plaintiff,
  v.                                       Civil Action No.
                                           7:16-CV-457 (DEP)

CAROLYN W. COLVIN, Acting Commissioner
  of Social Security,

       Defendant.

_____

APPEARANCES:                        OF COUNSEL:

FOR PLAINTIFF

OLINSKY LAW GROUP              HOWARD D. OLINSKY, ESQ.
5th Floor, Suite 520                 PAUL B. EAGLIN, ESQ.
300 S. State Street
Syracuse, NY 13202

FOR DEFENDANT

HON. RICHARD S. HARTUNIAN    GRAHAM MORRISON, ESQ.
United States Attorney            Special Assistant U.S. Attorney
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

## ORDER

Currently pending before the court in this action, in which plaintiff seeks judicial review of a partially adverse administrative determination by the Acting Commissioner of Social Security, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are cross-motions for judgment on the pleadings.[1] Oral argument was heard in connection with those motions on November 28, 2016, during a telephone conference conducted on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Acting Commissioner's determination resulted from the application of proper legal principles and is supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is hereby

ORDERED, as follows:

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18. Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

1) Defendant's motion for judgment on the pleadings is GRANTED.

2) The Acting Commissioner's determination that the plaintiff was not disabled between March 25, 2009 and July 16, 2015, and thus is not entitled to benefits under the Social Security Act for that period, is AFFIRMED.

3) The clerk is respectfully directed to enter judgment, based upon this determination, DISMISSING plaintiff's complaint in its entirety.

_____
David E. Peebles
U.S. Magistrate Judge

Dated: December 5, 2016
Syracuse, NY

```
UNITED STATES  DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------x
RAYMOND FRANCIS DERONDE,

                         Plaintiff,

vs.                            7:16-CV-457

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                         Defendant.
-------------------------------------x
```

Transcript of a **Decision** held on November 28, 2016, at the James Hanley Federal Building, 100 South Clinton Street, Syracuse, New York, the HONORABLE DAVID E. PEEBLES, United States Magistrate Judge, Presiding.

```
              A P P E A R A N C E S

                 (By Telephone)

For Plaintiff:    OLINSKY LAW GROUP
                  Attorneys at Law
                  300 S. State Street
                  Suite 420
                  Syracuse, New York  13202
                    BY:  PAUL B. EAGLIN, ESQ.

For Defendant:    SOCIAL SECURITY ADMINISTRATION
                  Office of Regional General Counsel
                  Region II
                  26 Federal Plaza - Room 3904
                  New York, New York  10278
                    BY:  GRAHAM MORRISON, ESQ.
```

*Jodi L. Hibbard, RPR, CSR, CRR*
*Official United States Court Reporter*
*100 South Clinton Street*
*Syracuse, New York  13261-7367*
*(315) 234-8547*

1     (In Chambers, Counsel present by telephone.)

2     THE COURT: All right. I'll have to let that be
3  the last word. I have before me a request for judicial
4  review of a partially unfavorable determination by the Acting
5  Commissioner pursuant to 42 United States Code Section 405(g)
6  and 1383(c)(3).

7     The background is as follows: Plaintiff was born
8  in July 1965, is currently 51 years of age, was 42 years old
9  at the time of his alleged disability onset back in 2007. He
10 lives in Potsdam, apparently with his parents. He drives and
11 drove three hours to the hearing conducted in January of
12 2016. He has a high school diploma, and had two years of
13 BOCES training in the field of HVAC and plumbing while in
14 high school. He's been a truck driver since graduating high
15 school both delivering locally and driving over the road. He
16 has a CDL license.

17    At some point in his past, plaintiff fell off a
18 tire and injured his back and suffers from chronic back pain.
19 He also experienced an aneurysm, underwent surgery on
20 December 15, 2007 for a subarachnoid brain hemorrhage. He
21 was hospitalized later, two weeks after that, approximately,
22 for ongoing headaches. He suffers from headaches three or
23 more times a week that can last two to three hours. He
24 complains of back and leg pain, vision issues, although in
25 December of 2014, he tested at 20/20 vision in the left eye

1   and 20/25 in his right, that's at 12/15.  He suffers from
2   diabetes, short-term memory loss, and dizziness or vertigo.
3   He treats with Dr. Jay Chapman, a family doctor, and has
4   since January of 2008.  He testified at the hearing and
5   explained to Dr. Lorensen at page 1068 that he has a fairly
6   robust regimen of daily activities including mowing the lawn,
7   doing laundry, cooking, some, cleaning, shopping, watching
8   television, and engaging in his hobby which is bird watching.
9           This case has had a tortured procedural history.
10  The first application for Title II and Title XVI benefits was
11  made by the plaintiff on September 22, 2008, alleging an
12  onset date of December 14, 2007.  A hearing was conducted by
13  Administrative Law Judge Marie Greener on June 3, 2010.  ALJ
14  Greener issued her first decision on August 13, 2010,
15  concluding that plaintiff was disabled from December 14, 2007
16  to March 25, 2009, when he showed sufficient medical
17  improvement to deny him benefits from that date forward.  The
18  Social Security Administration Appeals Council denied
19  plaintiff's request for review on July 28, 2011.
20          On August 22, 2011, plaintiff initiated a judicial
21  review action in this court.  The result was a report and
22  recommendation by Magistrate Judge Earl Hines on February 11,
23  2013.  That report and recommendation was adopted by our now
24  Chief Judge Glenn T. Suddaby on March 7, 2013, determination
25  was vacated and the matter remanded.

1               On October 24, 2010, ALJ Greener conducted a second
2     hearing.  She issued a decision on January 21, 2014 making
3     basically the same finding.  On June 11, 2015 the Social
4     Security Administration Appeals Council vacated that second
5     determination and remanded with certain instructions for the
6     ALJ.
7               On January 7, 2016, Administrative Law Judge
8     Jennifer Gale Smith held a hearing, and on February 17, 2016,
9     ALJ Smith issued a decision arriving at the same conclusion.
10    There was no Social Security Administration Appeals Council
11    review so that ALJ Smith's determination is a final
12    determination of the agency.
13              In her decision, ALJ Smith concluded that plaintiff
14    had not engaged in substantial gainful activity since
15    February -- I'm sorry, December 14, 2007, applying the
16    familiar five-step sequential tests for determining
17    disability; concluded at step two that plaintiff did, from
18    December 14, 2007 to March 24, 2009, suffer from severe
19    impairments limiting her ability to perform basic work
20    activities -- his, I'm sorry, including status post brain
21    aneurysm requiring craniotomy and stenting, headaches,
22    diabetes mellitus, hypertension, degenerative disk disease of
23    the lumbar spine, and obesity, carrying through with that RFC
24    for that period of time; concluded at step three that the
25    plaintiff's condition did not meet or medically equal any of

1  the listed presumptively disabling conditions set forth in
2  the regulations.  At step four, she concluded that plaintiff
3  is unable to perform his past relevant work as a truck
4  driver, and at step five, concluded that plaintiff was
5  disabled during that period of time from December 14, 2007 to
6  March 24, 2009.
7  	Then, turning to the period following March 25,
8  2009, ALJ Smith concluded that plaintiff suffered during that
9  period from the following severe impairments:  Status post
10 brain aneurysm requiring craniotomy and stenting, headaches,
11 diabetes mellitus, hypertension, degenerative disk disease of
12 cervical and lumbar spine, obesity, mild cognitive
13 impairment, a depressive disorder and anxiety disorder,
14 hyperlipidemia, tachycardia, vasovagal reaction, stroke
15 syndrome, syncope, vertigo, dizziness, hyperglycemia, mild
16 diabetic retinopathy, small peripheral serous pigment
17 detachment, anemia, atypical chest pain, dyspnea, fatigue,
18 insomnia, sleep disturbance, vitamin deficiencies, dental
19 caries, c-a-r-i-e-s, and sinusitis.
20 	She concluded, however, at step three that none of
21 those were sufficiently serious to equal or medically equal
22 any of the listed presumptively disabling conditions.
23 	The -- surveying the medical evidence, ALJ Smith
24 concluded that plaintiff is able to perform sedentary work
25 pursuant to the regulations but must be able to change

1   positions every 30 minutes but is able to stay on task at the
2   work station during the position changes.  She went on to say
3   although the claimant is unable to kneel, crouch, squat,
4   crawl, and climb ladders, ropes, and scaffolds, he is able to
5   occasionally stoop, balance, and climb ramps and stairs.  She
6   also noted that the claimant is unable to work at unprotected
7   heights and around dangerous moving mechanical parts of
8   equipment, and that the claimant is able to engage in simple,
9   routine, and repetitive tasks.  Further, she stated that the
10  claimant is able to work at a low stress job which is defined
11  as a job with occasional changes in the work setting, and as
12  a job that requires occasional judgment and occasional
13  decision making.
14          In addition, the claimant is unable to work at a
15  job that requires negotiation, arbitration, confrontation,
16  and responsibility for the safety of others.
17          Applying that RFC finding, the administrative law
18  judge concluded that, once again that plaintiff cannot
19  perform his past relevant work as a truck driver.  He noted
20  that if the plaintiff were able to perform a full range of
21  sedentary work, the grids or Medical Vocational Guidelines
22  would compel a conclusion of no disability under Rules 201.21
23  and 201.28.
24          With the assistance of testimony from a vocational
25  expert, the ALJ concluded that plaintiff is capable of

1  performing as a document preparer, a dresser, and bench hand,
2  and noted that as of July 17, 2015 as counsel has noted,
3  under the grids, when plaintiff turned 50 he became disabled
4  under Grid Rule 201.14.
5      As you know, my task is limited and the standard
6  that I apply is extremely deferential.  I must determine
7  whether the determination of the Commissioner is supported by
8  substantial evidence and resulted from the application of
9  proper legal principles.  When it comes to medical
10 improvement, the standard is well known, I've seen it
11 described variously, including an eight-step test that is
12 required under 20 C.F.R. Section 404.1594 and 416.994.  The
13 essence, however, of those -- of the cases and regulations is
14 it is the Commissioner's burden to establish by preponderance
15 of the evidence that sufficient medical improvement has
16 occurred and that the improvement relates to plaintiff's
17 ability to perform basic work functions.  If medical
18 improvement is demonstrated, then the administrative law
19 judge must go through the remaining steps and determine
20 whether the plaintiff is now capable of performing with
21 medical improvement the work in the national -- available
22 work in the national economy.  It's up to the Commissioner to
23 weigh conflicting evidence.
24     The administrative law judge decision in this case
25 is quite detailed.  I note that the stooping issue was not

1  performing as a document preparer, a dresser, and bench hand,
2  and noted that as of July 17, 2015 as counsel has noted,
3  under the grids, when plaintiff turned 50 he became disabled
4  under Grid Rule 201.14.
5           As you know, my task is limited and the standard
6  that I apply is extremely deferential.  I must determine
7  whether the determination of the Commissioner is supported by
8  substantial evidence and resulted from the application of
9  proper legal principles.  When it comes to medical
10 improvement, the standard is well known, I've seen it
11 described variously, including an eight-step test that is
12 required under 20 C.F.R. Section 404.1594 and 416.994.  The
13 essence, however, of those -- of the cases and regulations is
14 it is the Commissioner's burden to establish by preponderance
15 of the evidence that sufficient medical improvement has
16 occurred and that the improvement relates to plaintiff's
17 ability to perform basic work functions.  If medical
18 improvement is demonstrated, then the administrative law
19 judge must go through the remaining steps and determine
20 whether the plaintiff is now capable of performing with
21 medical improvement the work in the national -- available
22 work in the national economy.  It's up to the Commissioner to
23 weigh conflicting evidence.
24           The administrative law judge decision in this case
25 is quite detailed.  I note that the stooping issue was not

1  raised in plaintiff's brief, and I acknowledge the Acting
2  Commissioner was somewhat disadvantaged by that; however,
3  I've reviewed it and the administrative law judge does deal
4  with the stooping issue, concludes that stooping is permitted
5  on a limited basis, and that the no-stooping requirement is
6  not supported and is not found and I cannot say that that is
7  not a finding that is supported by substantial evidence.  ALJ
8  Smith went through and discussed stooping and the basis for
9  her determination included Dr. Chapman's March 25, 2009
10 determination that the plaintiff had recovered from his brain
11 aneurysm with no neurological deficit, and in completing the
12 form at pages 328 et seq. does go through certain of the
13 plaintiff's systems and notes, among other things, at page
14 330 that there does not appear to be any limitation of
15 motion.  That's at -- that's body system number 11.  So it
16 also -- Dr. Lorensen does not mention stooping in her report,
17 although she does in the check-the-box form, but also does
18 not report any findings in the body of her report that would
19 support a limitation of no stooping.  And there are other
20 indicators in the record that would suggest that the
21 plaintiff does not lack the ability to stoop.  And
22 Dr. Chapman, as it was indicated, does say that he is, in
23 response to clarification at page 1065, plaintiff does state
24 that plaintiff is able to perform sedentary work.
25                  I will acknowledge that stooping is not mentioned

1  in the regulations cited, but I believe that there is
2  substantial evidence in the record to support rejecting a
3  no-stooping requirement while acknowledging clearly the
4  conflict.  And again, it's the Commissioner in the end that
5  has to resolve the conflict as long as it is done in a
6  meaningful way that permits intelligent judicial review, and
7  is supported by substantial evidence.
8      On the disability freeze, I tend to accept
9  plaintiff's argument with the exception of the question of
10 rounding off and whether the calculation, the adjusted
11 disability insured date should be March of 2015 or June of
12 2015.  But in any event, any error in that regard is
13 harmless.  The Commissioner has determined by definition that
14 the plaintiff was not disabled prior to turning 50, and the
15 plaintiff acknowledges that he did not turn 50 until after
16 the expiration of his insured status under any view of the
17 calculation.
18      So I find that the Commissioner's determination was
19 supported by substantial evidence, resulted from the
20 application of proper legal principles except potentially
21 with regard to the disability freeze issue which, if it was
22 error, it was harmless error.
23      So I will grant judgment on the pleadings to the
24 defendant and affirm the Commissioner's determination.
25      Thank you both, this was an excellent case, and

1 interesting issues on both sides.  Thank you both.
2             MR. MORRISON:  Thank you, your Honor.
3             MR. EAGLIN:  Thank you, your Honor.
4                  (Proceedings Adjourned, 2:58 p.m.)
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

1  CERTIFICATE OF OFFICIAL REPORTER

2

3

4       I, JODI L. HIBBARD, RPR, CRR, CSR, Federal

5  Official Realtime Court Reporter, in and for the

6  United States District Court for the Northern

7  District of New York, DO HEREBY CERTIFY that

8  pursuant to Section 753, Title 28, United States

9  Code, that the foregoing is a true and correct

10 transcript of the stenographically reported

11 proceedings held in the above-entitled matter and

12 that the transcript page format is in conformance

13 with the regulations of the Judicial Conference of

14 the United States.

15

16                 Dated this 29th day of November, 2016.

17

18

19                 /S/ JODI L. HIBBARD

20                 JODI L. HIBBARD, RPR, CRR, CSR
                   Official U.S. Court Reporter
21

22

23

24

25

JODI L. HIBBARD, RPR, CRR, CSR
(315) 234-8547